IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
WHITNEY NICOLE THOMAS,            )
Administrator of the Estate of    )
Kenneth N. Jefferson,             )
                                  )
            Plaintiff,            )
                                  )
     v.                           )     1:17cv1031
                                  )
ALLEN LUND COMPANY, INC., et al., )
                                  )
            Defendants.           )
```

**MEMORANDUM OPINION AND ORDER**

This case comes before the Court on the "Motion to Set Aside Entry of Default" (Docket Entry 70)[1] (the "Motion") filed by defendant Daniel Santiago Serna ("Serna"). For the reasons that follow, the Court will grant the Motion and set aside the Entry of Default (Docket Entry 66).[2]

**Background**

This lawsuit arises from a July 2015 vehicular accident in North Carolina that killed Kenneth N. Jefferson ("Jefferson"). (See Docket Entry 1 (the "Complaint") at 2; see also, e.g., Docket Entry 7 ("EC Trucking's Answer"), ¶ 6 (asserting as affirmative

---

    1  For legibility purposes, this Order uses standardized capitalization in all quotations.

    2  The Entry of Default (and thus the decision whether to set aside such entry) qualifies as a non-dispositive pretrial matter subject to disposition by a magistrate judge under 28 U.S.C. § 636(b)(1)(A). See, e.g., Bailey v. United Airlines, 279 F.3d 194, 204 (3d Cir. 2002); L & M Cos., Inc. v. Biggers III Produce, Inc., No. 3:08cv309, 2010 WL 1439411, at *8 & n.3 (W.D.N.C. Apr. 9, 2010). Accordingly, the undersigned United States Magistrate Judge will enter an order rather than a recommendation on Serna's Motion.

defense that "the person or persons who decided that the motorcyclists and passengers involved in the subject accident should stop where they were stopped when the accident occurred, may be responsible in whole or in part for this accident and the resulting injuries, deaths and damages").)[3] On July 14, 2017, Whitney Nicole Thomas, acting as administrator of Jefferson's estate, (the "Plaintiff") initiated this negligence-based action against Serna and five other defendants in the United States District Court for the Southern District of Florida (the "Florida Court"). (See generally Docket Entry 1.) As relevant to the Motion, the Complaint alleges that Serna negligently "drove [a] tractor trailer off the roadway, striking and killing . . . Jefferson." (Id., ¶ 12.) It further alleges that Serna and Jacob Salazar, another defendant, "were each the employee, agent, servant, or independent contractor for" EC Trucking Enterprises, Inc. ("EC Trucking") "and operating in the course and scope of this employment" when the accident occurred. (Id., ¶ 24.) Finally, the Complaint alleges that certain incidents in Serna's past rendered him an unfit driver. (See, e.g., id., ¶¶ 30, 40.)

On August 3, 2017, EC Trucking answered the Complaint, denying all allegations other than that "Serna had a duty to drive in a safe and reasonable manner and obey all traffic and other

---

3 Citations herein to Docket Entry pages utilize the CM/ECF footer's pagination.

commercial motor vehicle safety laws" (id., ¶ 11). (See Docket Entry 7, ¶¶ 1-3.) In addition, EC Trucking's Answer raised multiple affirmative defenses, including that Jefferson bore responsibility for the accident and/or that "third persons over whom [EC Trucking] had no control" bore such responsibility. (Id., ¶¶ 4-8.) Two weeks later, Plaintiff served the Complaint on Serna. (See Docket Entry 60 at 1 (indicating service on August 18, 2017).) The summons instructed Serna to serve his response to the Complaint on Plaintiff's attorney, "David J. Ventura" of "Crumley Roberts, LLP," within 21 days of receiving the summons. (Id. at 2.) In compliance with this instruction, Serna promptly sent his response to "David J. Ventura" at "Crumley Roberts." (Docket Entry 73-2 (the "Response") at 1, 3.)[4]

According to the English translation Plaintiff provided of this handwritten Spanish document (see id. at 1-2), Serna's Response asks Ventura "to guide [him] through this process," as he lacks appropriate resources to hire a lawyer and "[is] alone in this country." (Id. at 3.) The Response further indicates that Serna "will actively participate in this lawsuit because the truth has been hidden and the true responsible party is Mr. Jacob Salazar," although EC Trucking and "Commonwealth Dairy LLC" also

---

4 Plaintiff's counsel received the Response prior to Monday, September 4, 2017 (i.e., Labor Day, a federal postal holiday). (See Docket Entry 73-3 at 1.)

3

bear some responsibility for the accident. (Id.)⁵ Serna further denied acting negligently (see id. ("I was not negligent")) and disputed the Complaint's assertion that incidents in his past rendered him an unfit driver (see id. ("I was young and got into trouble, but today I'm an adult.")). Serna's Response concludes:

> I really appreciate your help Mr. Ventura and guidance. I am alone in this county and I do not know how the system works nor do I have anyone to help me. Have a good day Mr. Ventura.
>
> Thanks a bunch.

(Id.)

Plaintiff's counsel sent Serna's Response to EC Trucking's counsel (see Docket Entry 73-3 at 1), who had previously indicated to Plaintiff's counsel that he "was retained to represent EC Trucking . . . and Daniel Serna in this lawsuit" (Docket Entry 73-1 at 1). On September 4, 2017, EC Trucking's counsel sent an email to Plaintiff's counsel, which stated, inter alia:

> Thank you for sending me the proof of service on Mr. Serna and his letter to you. It seems that he may not want me to represent him. While I try to get to the bottom of that, may I request an extension of time to respond to the lawsuit on his behalf?

(Docket Entry 73-3 at 1.) On September 13, 2017, EC Trucking's counsel emailed Plaintiff's counsel again, stating, in relevant part:

---

5 The Complaint names Commonwealth Dairy, LLC as a defendant. (Docket Entry 1, ¶ 8.)

4

> I just spoke with the carrier and it will be retaining separate counsel to represent Mr. Serna. Given that many of the law offices down here are not yet up and running because of the hurricane, this may take a week or two; I (and the carrier) appreciate your patience and courtesy and you should be hearing from Mr. Serna's counsel in the near future.

(Docket Entry 73-4 at 1.) Correspondence between Plaintiff's counsel and EC Trucking's counsel on December 13, 2017, reveals that "separate counsel (Jeff Johnson) was retained for Serna in [a related federal] case" and participated in "the global settlement conference." (Docket Entry 73-5 at 2.) However, no attorney appeared on Serna's behalf in this lawsuit prior to the Entry of Default. (See Docket Entries dated July 14, 2017, to Dec. 15, 2017.)

In late August 2017, defendant Allen Lund Company, Inc. ("ALC") moved to transfer this action from the Florida Court to this Court. (See Docket Entry 40.) Over Plaintiff's opposition, the Florida Court granted ALC's transfer request. (See Docket Entry 55 (the "Transfer Order") at 1, 3.) In so doing, the Florida Court noted that Plaintiff's "negligent selection and vicarious liability . . . . claims against ALC and EC Trucking necessarily require Plaintiff to establish that Mr. Serna committed a negligent act that was foreseeable prior to establishing a claim against ALC and EC Trucking." (Id. at 2.)[6] The Florida Court further observed

---

6 By the time of the Transfer Order, only ALC, EC Trucking, and Serna remained as defendants in this action. (See Docket Entries 41, 48.)

5

that Plaintiff's negligence claim against Serna "revolves around the motor vehicle accident that occurred in North Carolina," and that "[o]ne key witness and [d]efendant, Mr. Serna, is currently incarcerated in North Carolina." (Id. at 2 & n.1.) Accordingly, the Florida Court transferred the action to this Court on November 13, 2017. (See id. at 3.)

On November 16, 2017, the Court set this matter for a status conference on December 18, 2017. (See Docket Entry 59 at 1.) On the final business day before that status conference, Plaintiff moved for default against Serna. (See Docket Entry 65.) That same day, the Clerk granted Plaintiff's motion and entered default against Serna. (See Docket Entry 66 at 1.) Approximately one month later, a North Carolina lawyer appeared on Serna's behalf (see Docket Entry 69 at 1-2) and moved to set aside the default (Docket Entry 70). As an exhibit to the Motion, Serna's counsel filed a proposed answer, which denies that Serna acted negligently or lacked fitness as a driver (see, e.g., Docket Entry 70-1, ¶¶ 10-15, 30, 40) and asserts both "the contributory negligence of Plaintiff's decedent" as well as "the intervening, insulating, or superseding negligence of all persons or entities outside of his control as a bar to the claims made against [Serna] in this action" (id. at 12). Plaintiff opposes Serna's Motion. (See Docket Entry 73.)

**Analysis**

Pursuant to Federal Rule of Civil Procedure 55, "the [C]ourt may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The "good cause" standard does not present a particularly high bar. See, e.g., Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1259 (9th Cir. 2010) (describing the "'good cause'" standard as "non-rigorous"); Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989) (describing the "'good cause'" standard as "liberal"); Stark-Romero v. National R.R. Passenger Co., 275 F.R.D. 544, 547 (D.N.M. 2011) ("Showing good cause is not a particularly demanding requirement."). This fairly lenient standard makes sense, given federal courts' "strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits," Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010).

In "deciding whether to set aside an entry of default," the Court considers six factors: (i) "whether the moving party has a meritorious defense, [(ii)] whether it acts with reasonable promptness, [(iii)] the personal responsibility of the defaulting party, [(iv)] the prejudice to the [opposing] party, [(v)] whether there is a history of dilatory action, and [(vi)] the availability of sanctions less drastic." Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204-05 (4th Cir. 2006). Whether to set aside a default remains within the Court's discretion, see id. at 204;

7

nevertheless, "[g]enerally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense," Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249, 251 (4th Cir. 1967).

Here, the first factor (i.e., a meritorious defense) supports Serna's position. Among other defenses, Serna (through counsel) asserts that Jefferson's contributory negligence bars Plaintiff's recovery. (See Docket Entry 70-1 at 12.) In this regard, Serna contends that "the evidence appears to show without question that [Jefferson] had stopped his motorcycle on the highway at the time of the injury, and it is possible the [Jefferson] was in the right of way at the time of the accident, barring recovery" under North Carolina law. (Docket Entry 71 at 6.) Serna further maintains that Jefferson displayed contributory negligence by parking "on the paved portion of the highway," an action that North Carolina forbids unless a vehicle "is disabled to such an extent that it is impossible to avoid stopping and temporarily leaving the vehicle upon the paved . . . portion of the highway." (Id. at 6-7 (internal quotation marks omitted).) Finally, Serna asserts that "[Jefferson] could be considered contributorily negligent under the common law." (Id. at 7.)

Notably, Plaintiff does not dispute the cognizability, as a legal matter, of Serna's proffered defenses. (See Docket Entry 73 at 4.) Instead, Plaintiff maintains that, as a factual matter,

8

Jefferson did not act with contributory negligence. (See id. (contending that Serna's "argument is futile . . . . [b]ecause there was a detailed investigation, reconstruction and 562 page report created by the North Carolina State Highway Patrol that confirms by all accounts Plaintiff was well off of the main roadway and was stopped due to mechanical issues with Plaintiff's motorcycle").)

The current record does not clearly establish whether Jefferson acted with contributory negligence. As an initial matter, the Complaint lacks sufficient detail to ascertain exactly where and why Jefferson parked his motorcycle. (See generally Docket Entry 1.) In addition, Plaintiff did not submit the referenced Highway Patrol report in responding to the Motion. (See Docket Entries 73-1 to 73-5.) However, in opposing transfer to this Court, Plaintiff submitted a newspaper article regarding the underlying crash, which includes a picture showing three wrecked motorcycles on the paved shoulder of Interstate 85, as well as motorcycle debris in the grass area beside the paved portion of the highway. (See Docket Entry 49-1 at 1.) According to this article, "[o]fficials said the six motorcycles were parked on the side of the road due to mechanical issues with one of the bikes when a tractor-trailer hit them. The truck then came to a stop further up on I-85." (Id. at 2.) Given this record, Serna satisfies the meritorious defense factor. See, e.g., Armor v.

9

Michelin Tire Corp., No. 96-1724, 113 F.3d 1231 (table), 1997 WL 245217, at *2 (4th Cir. 1997) ("All that is necessary to establish the existence of a meritorious defense is a presentation or proffer of evidence, which, if believed, would permit the court to find for the defaulting party."); Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988) ("The underlying concern is . . . whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default." (ellipses in original; internal quotation marks omitted)).

The second factor (i.e., acting with reasonable promptness) also favors Serna. To begin with, within a fortnight of receiving service of process, Serna — an incarcerated, Spanish-speaking defendant — responded to the Complaint by sending his Response to Plaintiff's counsel, as the summons (written in English) directed. (See Docket Entries 60, 73-2, 73-3.) This Response disputes the Complaint's primary allegations against Serna — that he acted with negligence and that past conduct rendered him an unfit driver — and asserts that others bear responsibility for the accident. (See Docket Entry 73-2 at 3.) Serna's Response also requests guidance from Plaintiff's counsel on how to proceed with the lawsuit, in which Serna intends to "actively participate." (Id.) From the correspondence that Plaintiff submitted in opposition to the Motion, it does not appear that either Plaintiff's counsel or

10

EC Trucking's counsel (who also represented Serna in connection with this case at some point) replied to Serna directly about his assertions, request for guidance, or apparent failure to send a copy of the Response to the Florida Court, as the summons also directed (see Docket Entries dated Aug. 18, 2017, to Nov. 13, 2017; see also Docket Entry 60 at 2). (See Docket Entries 73-1 to 73-5.)

Moreover, Serna moved to set aside the default approximately one month after its entry. (See Docket Entries 66, 70.) This comfortably qualifies as acting with reasonable promptness. See, e.g., Vick v. Wong, 263 F.R.D. 325, 330 (E.D. Va. 2009) (finding reasonable promptness factor favored setting aside default where the defendant sought relief "more than two months after default was entered," but "only a few weeks []after" the plaintiff moved for entry of default judgment); Wainwright's Vacations, LLC v. Pan Am. Airways Corp., 130 F. Supp. 2d 712, 718 (D. Md. 2001) (finding reasonable promptness where "the default was entered on July 6th, and [the party] moved to vacate it on August 8th"); see also Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953-54 (4th Cir. 1987) (reversing the denial of a motion to set aside default filed approximately ten months after the entry of default). The second factor thus favor setting aside the default.

The third factor (i.e., personal responsibility) counsels that result as well. Prior to issuance of a correctly addressed summons to Serna (see Docket Entry 27; see also Docket Entry 60 at 1), EC

11

Trucking's counsel informed Plaintiff's counsel that he "was retained to represent . . . Serna in this lawsuit" (Docket Entry 73-1 at 1). In light of Serna's Response, the third party who had hired this counsel to jointly represent EC Trucking and Serna indicated that "it will be retaining separate counsel to represent Mr. Serna." (Docket Entry 73-4 at 1.) Although such counsel apparently appeared in a related case and participated in a "global settlement conference" (Docket Entry 73-5 at 2), he, for reasons unknown, failed to appear and answer in this case. Nothing in the record suggests that Serna knew of this failure prior to the Entry of Default, as none of the parties served any of their filings on Serna before Plaintiff moved for default. (Compare, e.g., Docket Entry 31 at 6, Docket Entry 39 at 13, Docket Entry 40 at 4, Docket Entry 45 at 3, Docket Entry 49 at 21, Docket Entry 61 at 3, and Docket Entry 64 at 3, with Docket Entry 65-3 at 2.) Indeed, even Plaintiff does not contend that Serna bears responsibility for the entry of default. (See Docket Entry 73 at 5 (arguing only that Serna bears responsibility for the underlying accident).) Under these circumstances, this factor supports Serna's position.

The fourth factor (i.e., prejudice) likewise favors Serna. "In the context of a motion to set aside an entry of default, . . . delay in and of itself does not constitute prejudice to the opposing party." Colleton, 616 F.3d at 418; see also United States v. Manriques, No. 1:10cr440, 2013 WL 5592191, at *5 (M.D.N.C. Oct.

12

10, 2013) (explaining "that no prejudice accrues from 'los[ing] a quick [default-based] victory'" (alterations in original) (quoting Augusta Fiberglass, 843 F.2d at 812)), report and recommendation adopted, slip op. (M.D.N.C. Dec. 31, 2013). Without offering any factual support, Plaintiff maintains that "[t]he difficulties with discovery and the greater opportunity for fraud or collusion are tantamount to prejudices that would affect Plaintiff's ability to achieve proper justice in this case." (Docket Entry 73 at 5.) These conclusory assertions of prejudice do not suffice, particularly given that discovery does not close until October 5, 2018 (see Text Order dated Dec. 18, 2017).[7]

Moreover, because Plaintiff asserts vicarious liability claims against EC Trucking and ALC based on Serna's alleged negligence, Plaintiff must litigate the negligence claim against Serna "prior to establishing a claim against ALC and EC Trucking." (Docket Entry 55 at 2.) Thus, setting aside the default will introduce no new issues into either the litigation process generally or the discovery process specifically. Finally, Plaintiff has known for months that Serna disputes the allegations of negligence (see Docket Entries 73-2, 73-3) and that Jefferson's contributory negligence constitutes a pivotal issue in this litigation (see,

---

[7] If, due to the passage of time since filing the Motion, Serna now believes that he needs more time to complete discovery (cf. Docket Entry 70 at 2 (agreeing "to be bound by the current Scheduling Order")), he should promptly move for such relief.

13

e.g., Docket Entry 40-1 at 6 (seeking transfer to North Carolina on the grounds that this Court "is more familiar with . . . North Carolina's doctrine of contributory negligence")), so setting aside the default causes Plaintiff no unfair surprise. Accordingly, the prejudice factor supports the granting of relief from default.

The fifth factor (i.e., history of dilatory action) and sixth factor (i.e., availability of lesser sanctions) similarly favor Serna. Aside from the failure to officially answer the Complaint, the record reveals no dilatory conduct by Serna. (To the contrary, the record reflects that he promptly sent his Response to Plaintiff's counsel upon receiving the Complaint.) In addition, as both Plaintiff and Serna recognize, the Court could impose lesser sanctions. (See Docket Entry 70 at 2; Docket Entry 73 at 6.)[8] These final two factors thus counsel against leaving the default in place.

---

[8] In this regard, "Plaintiff requests that it be permitted to submit its costs and attorneys' fees related to obtaining the default and defending against Defendant's Motion to Set Aside and that the Defendant be stricken of any defenses not plead prior to the entry of default." (Docket Entry 73 at 6.) The latter request may seek (i) to strike any defense Serna did not officially plead prior to the default, which would effectively nullify setting aside the default, or (ii) to prevent Serna from raising any defense that EC Trucking and ALC did not plead, a moot request given that those defendants already raised the defenses that Serna intends to plead (compare Docket Entry 7, and Docket Entry 39, with Docket Entry 70-1). However interpreted, this request lacks merit. As to the former request for expense-shifting, in light of the considerations addressed in connection with the personal responsibility factor, the Court declines to order such alternative relief.

## **Conclusion**

All six factors favor setting aside the default.

**IT IS THEREFORE ORDERED** that the Motion (Docket Entry 70) is **GRANTED** and the Entry of Default (Docket Entry 66) against Serna is hereby **SET ASIDE.**

This 13th day of March, 2018.

                                            /s/ L. Patrick Auld
                                              **L. Patrick Auld**
                                **United States Magistrate Judge**